UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | DOCKET NO. 21-cr-10248 |
| ) | |
| MOHAMED JAAFAR, ) | |
| Defendant ) | |

**MOTION TO AUTHORIZE MEDICAL MARIJUANA USE**

Defendant Mohamed Jaafar ("Defendant" or "Jaafar") requests that the Court permit his use of medical marijuana, as authorized by the Commonwealth of Massachusetts, certified by a medical practitioner, and recommended by his primary care doctor.

, On August 23, 2021, Defendant was arraigned on a charges of conspiracy to defraud the United States, conspiracy to money laundry, and filing false tax returns. He was released on conditions, which included, *inter alia*, a requirement that he "not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. §802, unless prescribed by a licensed medical practitioner." Document No. 14, filed 08/23/21. Jaafar was also required to submit to drug testing by Probation. See id.

Jaafar has been authorized by the Commonwealth of Massachusetts Cannabis Control Commission ("the Commission") to obtain and use marijuana as a result of anxiety, insomnia and depression. See records from the Commission, Exhibit A; medical provider record (Canna Care Docs), Exhibit B; and medical marijuana card, Exhibit C, all of which are submitted Under Seal.. In addition to the certification by the Commission, supported by a licensed medical provider, Jaafar's primary care doctor, Dr. David Del Sesto, has noted that marijuana has been a "helpful tool" in managing Jaafar's anxiety and avoiding habit forming medications. See copy of

letter from Dr. Sesto submitted herewith as Exhibit D, Under Seal.

Jaafar has complied with all of the requirements of the Massachusetts law in order to obtain his medical marijuana card. See Mass. G.L. c. 94I, §§2-5. He has had a medical use card for marijuana since 2018. See Exhibit A. Under similar circumstances several judges in the District Court of Massachusetts have allowed defendants to use medical marijuana while on supervision by probation, either on pretrial release or supervised release. See *United States v. Sophia Velazquez*, Docket No. 19-cr-10459-55-RWZ, Document 1946 (D. Mass. June 8, 2021)(Judge Zobel ordered, as condition of supervised release, that defendant "be allowed to use marijuana as prescribed by a physician."); *United States v. Raymond Gaines*, Docket No. 17-cr-10177-ADB, Document 62 (D. Mass. November 20, 2019)(Judge Burroughs expressed "approval" of defendant's use of medical marijuana, while on supervised release, at time of sentencing); *United States v. Jeffrey Shields*, Docket No. 07-cv-12056-PBS, Document 322 and Docket Entry 333 (D. Mass. April 28, 2016)(Judge Saris granted unopposed motion, allowing defendant to use medical marijuana in compliance with Maine law). Several judges from outside Massachusetts have also allowed the use of medical marijuana. See *United States v. Nicole Hooper*, Docket No. 19-cr-00142-CB, Document 61 (W.D. Pa. August 1, 2020)(court permits marijuana use, with government's consent, "provided she fully complies with all Pennsylvania state regulatory requirements…."); *United States v. Richard Martin*, Docket No. 09-cr-00098-DSC, Document 133 (W.D. Pa. April 24, 2019)(court declines to sanction defendant for marijuana use, a "technical violation of supervision", where defendant had obtained medical marijuana card "for a legitimate medical purpose.").; *United States* v. *Damon Johnson*, Docket No. 20-cr-00086-NR-1, Document 44 (W.D. Pa. November 3, 2020)("so long as defendant's marijuana use is for legitimate medical purposes under Pennsylvania's Medical Marijuana Act,

and is not otherwise connected to illegal activity, the Court will not prohibit Defendant's medical marijuana use by the threat of sanctions for violating his release conditions".).

For the reasons set forth hereinabove, and in light of the medical documentation provided, the Defendant respectfully requests that the Court permit his use of medical marijuana, as authorized by the Commonwealth of Massachusetts. The Defendant further requests that the Court remove drug testing as a condition of his release inasmuch as his use of marijuana was the basis for such a condition.

                                              DEFENDANT
                                              By his attorney

                                              /s/ John F. Palmer
                                              John F. Palmer
                                              Law Office of John F. Palmer
                                              18 Main Street Extension
                                              Suite 201B
                                              Plymouth, MA 02360
                                              (617) 943-2602
                                              BBO# 387980

Dated: September 30, 2021

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered parties on September 30, 2021.

                                              /s/John F. Palmer