UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.   )<br>)   Docket No. 1:21-cr-10248<br>MOHAMED JAAFAR,   )<br>)<br>Defendant.   ) | |

## MEMORANDUM IN RESPONSE TO COURT'S REQUEST

The United States of America hereby provides the following information in response to the Court's request for a statement from the government concerning the defendant Mohamed Jaafar's Motion to Authorize Medical Marijuana use.

As the Court noted in the hearing on this matter and in a recent decision, the law does not appear to permit the use of marijuana while a defendant is on pretrial release and subject to the mandatory release condition that prohibits him or her from violating federal law.  *See* 18 U.S.C. § 3142(c)(1)(A), *United States v. Richard Phillipe*, 19-Cr-10328-FDS (7/15/2021 Decision on Revocation of Pretrial Release).   This is for the following reasons:

(1) One Cannot Obtain a Valid Prescription for Marijuana

Marijuana is classified as a Schedule I controlled substance.   21 U.S.C. § 812, Schedule I(c)(10).   Under federal law, a drug can only be so classified if it "has no currently accepted medical use in treatment in the United States."   21 U.S.C. § 812(b)(1)(B).

Under federal law, a Schedule I controlled substance cannot be validly prescribed.   21 U.S.C. § 829 provides for the prescribing of Schedule II, III, IV, and V controlled substances, but does not allow Schedule I substances to be prescribed.   *See United States v. Oakland Cannabis Buyers' Co-op.*, 532 U.S. 483, 492 n.5 (2001) ("unlike drugs in other schedules …

1

schedule I drugs cannot be dispensed under a prescription."); *United States v. Barnard*, 770 F. Supp. 2d 366, 370 (D. Me. 2011) ("it is still illegal to prescribe marijuana under federal law because federal law does not recognize any medical use for a Schedule 1 controlled substance") (cleaned up).

Likewise, marijuana cannot be validly prescribed under Massachusetts law. Massachusetts allows for a patient to obtain a "certification" permitting the purchase of marijuana from a medical dispensary.   Mass. Gen. Laws ch. 94I, § 2(a).   Nothing in Massachusetts law permits a medical provider to prescribe marijuana.

(2) Possession of Marijuana is a Crime Under Federal Law

It is a federal crime to possess marijuana knowingly or intentionally.   21 U.S.C. § 844; *see also United States v. Crooker*, 3:09-cr-30017-02-MAP (D. Mass. 2010), Docket 112 (judgment noting guilt for possession of marijuana under 21 U.S.C. § 844).

While 21 U.S.C. § 844 does not criminalize the possession of a controlled substance that "was obtained directly, or pursuant to a valid prescription or order, from a practitioner," such circumstances cannot apply to one possessing marijuana, which as a Schedule I drug has no federally accepted medical use and cannot be validly prescribed.

Respectfully submitted,

NATHANIEL R. MENDELL
ACTING UNITED STATES ATTORNEY

By:*/s/ Sara Miron Bloom*
Assistant U.S. Attorney
One Courthouse Way, Suite 9200
Boston, Massachusetts 02210

Date:   October 21, 2021

## Certificate of Service

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

/s/ *Sara Miron Bloom*
Sara Miron Bloom
Assistant United States Attorney

October 21, 2021