UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No. 21-10248-NMG

UNITED STATES OF AMERICA

v.

MOHAMED JAAFAR

December 3, 2021

ORDER ON MOTION TO MODIFY CONDITIONS OF
RELEASE TO AUTHORIZE MEDICAL MARIJUANA USE

Boal, M.J.

Defendant Mohamed Jaafar has moved for an order modifying his conditions of pretrial release to authorize medical marijuana use, Docket No. 38, to which the government responded on October 21, 2021.  Docket No. 47.  For the following reasons, I deny the motion.

I.      BACKGROUND

Jaafar is charged in an indictment with conspiracy to defraud the United States in violation of 18 U.S.C. § 371, money laundering conspiracy in violation of 18 U.S.C. § 1956(h), and filing false tax returns in violation of 26 U.S.C. § 7206(1).  Docket No. 1.  He was released on conditions, which included, inter alia, the requirements that he: (1) "not violate federal, state, or local law while on release"; (2) "not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. §802, unless prescribed by a licensed medical practitioner"; and (3) submit to drug testing by the pretrial services office or his supervising officer.  Docket No. 14 at 1, 2.

Jaafar has a Commonwealth of Massachusetts Cannabis Control Commission medical marijuana card for the purpose of treating his anxiety, insomnia, and depression. See Docket No. 38 at 1. He first obtained the card in 2018. See id. at 2. He now requests that his conditions of pretrial release be amended to allow him to use marijuana and to remove the drug testing requirement. Docket No. 38 at 3.

II.    DISCUSSION

The possession of marijuana is a violation of federal law. See 21 U.S.C. § 844(a). Marijuana is a federal schedule I substance, meaning that Congress has determined that it "has no currently accepted medical use" in the United States. 21 U.S.C. § 812(b)(1); Schedule I(c)(10). Accordingly, "[u]nlike drugs in other schedules . . . schedule I drugs cannot be dispensed under a prescription." United States v. Oakland Cannabis Buyers' Co-op., 532 U.S. 483, 492 n.5 (2001).

The U.S. Supreme Court has rejected the argument that the use of marijuana for medicinal purposes, even pursuant to permissive state laws, affects its legality under the Controlled Substances Act. Gonzales v. Raich, 545 U.S. 1, 27 (2005) ("[T]he fact that marijuana is used "for personal medical purposes on the advice of a physician" cannot itself serve as a distinguishing factor. The [Controlled Substances Act] designates marijuana as contraband for any purpose[.]"); see also United States v. Richard Langley, No. 20-50119, 2021 WL 5314011, at *2 (9th Cir. Nov. 16, 2021) (recognizing the continued viability of Raich and stating "the applicable federal statutes precluded the court from granting Langley's motion" to use medical marijuana while on supervised release).

This Court acknowledges that there has been much debate over the harms and advantages of legalized marijuana. There is no doubt that marijuana is becoming increasingly accepted by society as evidenced by the growing number of states, including Massachusetts, that have

2

legalized its use.  Whether federal law should follow this trend, however, is not before this Court. Congress may one day legalize the use of medical marijuana.[1]  However, it has yet to do so.

The conditions of release explicitly reference federal law, namely 21 U.S.C. § 802.  As discussed above, marijuana is a Schedule I drug which may not be dispensed under a prescription.  Jaafar does not have a prescription but a certification.  The condition of release allowing for the use of a controlled substance requires a prescription.  A prescription is defined under federal law as one "issued for a legitimate medical purpose," see, e.g., 21 U.S.C. §§ 829(e)(2)(A), 830(b)(3)(A)(ii), written by a practitioner licensed to administer the prescribed drug.  21 U.S.C. § 353(b)(1).[2]  A certification under Massachusetts law permits the purchase of marijuana from a dispensary.  M.G.L. ch. 941 § 2(a).  Nothing under Massachusetts law allows for a prescription of marijuana.

In addition, 18 U.S.C. § 3142(c)(1)(A) requires that any defendant released on conditions pending trial be "subject to the condition that the person not commit a Federal, State, or local crime during the period of release[.]"  This condition is mandatory.  See, e.g., United States v. Perla, No. CR 20-281, 2021 WL 461881 at *3 (W.D. Pa. Feb. 9, 2021). Possession of marijuana is illegal under federal law, which does not include an exception for medical use.  See 21 U.S.C. § 844(a); Oakland Cannabis Buyers' Co-op., 532 U.S. 483, 492 n.5 (2001).

---

[1] Indeed, on July 14, 2021, Senate Majority Leader Chuck Schumer released a discussion draft of the Cannabis Administration and Opportunity Act, proposed legislation that would remove cannabis from the federal list of controlled substances.  See Nicholas Fandos, *Schumer Will Propose Legislation to Federally Decriminalize Marijuana*, N. Y. Times, July 15, 2021, at A18.
[2] Under the pertinent provisions of the Controlled Substances Act, there does not appear to be a definition of prescription presumably because it is not allowed.  See 21 U.S.C. § 802.

Accordingly, given the current state of federal law and the circumstances of this case, I deny Jaafar's motion to modify his conditions of release.

_____/s/ Jennifer C. Boal_____
JENNIFER C. BOAL
United States Magistrate Judge